UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>v.<br><br>MELVIN CESAR JONES, JR.,<br><br>                          Defendant. | Case No.:  19cr1115-CAB<br><br>**Order Denying Motion<br>To Reduce Sentence<br>[Doc. No. 31]** |

Before the Court is defendant Melvin Cesar Jones, Jr.'s motion to reduce his sentence and order his immediate release under 18 U.S.C. § 3582(c)(1)(A)(i) due to "extraordinary and compelling circumstances." [Doc. No. 31.] The Government opposed. [Doc. No. 33.] Defendant did not file a reply.  The Court finds the motion suitable for determination on the papers.  The motion is **DENIED**.

I. Background

On August 12, 2019, Defendant was convicted of importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. [Doc. No. 30.] This Court sentenced him to 60 months of imprisonment. [Doc. No. 30 at 2.] Defendant has served a majority of his sentence. He is currently incarcerated at FCI Sheridan and is scheduled to be released on July 2, 2024.

/ / / / /

## II. Exhaustion Requirement

Under 18 U.S.C § 3582(c), a court may not modify a term of imprisonment once it has been imposed except upon motion of the Director of the BOP, or upon motion of the defendant. Before filing such a motion on his own, the defendant must first petition the BOP to file such a motion on his behalf. A court may grant the defendant's own motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant sent an Inmate Request to Staff to the Warden on July 3, 2023, requesting to be considered for compassionate release under 18 U.S.C. section 3582(c)(1)(A) because "COVID 19; Conditions of Confinement, Medical/Psych, Sentencing Changes, Family Circumstances, Time Served." [Doc. No. 31 at 5.] According to Defendant, "30 days have lapsed from the submission of the Warden request." [Doc. No. 31 at 1.] While the Inmate Request to the Warden was cryptic, it did indicate the same reasons for requesting relief as are set forth in this motion. Under the plain language of Section 3582(c)(1)(A), Defendant may file his motion after exhausting administrative appeals <u>or</u> after 30 days have passed "from receipt of such a request by the warden of the defendant's facility, whichever is earlier." Given that more than 30 days have passed since the submission of Defendant's request, Defendant has sufficiently complied with the exhaustion requirement of Section 3582(c)(1)(A). Hence, the Court will address the merits of Defendant's motion.

## III. Compassionate Release Considerations

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the

burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020.)

Defendant argues that because he has been incarcerated during the Covid 19 pandemic this has "resulted in a sentence that was more severe than the Court could have contemplated when it originally sentenced him." [Doc. No. 31 at 1.] Courts routinely recognize that even despite the threat from COVID-19, "compassionate release is 'rare' and 'extraordinary;' [and] the current national emergency does not change this." *United States v. Arceo*, No. 9CR616, 2020 WL 2614873 at *2 (N.D. Cal. May 22, 2020); *see United States v. Smeltzer*, No. 18CR4562-JAH, 2020 WL 2797493 at *1 (S.D. Cal. May 29, 2020) ("18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule" that courts may not modify final sentence).

Here, while Defendant has many complaints about how FCI Sheridan has been managing the pandemic, there is no evidence presented that shows that Defendant has "a serious physical or medical condition" that "substantially diminishes" his ability to "provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Moreover, because COVID-19 vaccine access is available to every inmate in the BOP, Defendant's risk is mitigated by that alone. *See, e.g., United States v. Davis*, No. 19-949, 2021 WL 1382119 at *2 (D.N.J. April 12, 2021) ("As vaccine access expands to inmates at FDC Philadelphia, the risk that Davis will contract a serious case of COVID-19 continues to decrease"); *United States v. Minnis*, No. 19CR 20182, 2021 WL 1550429 at *4 (S.D. Florida April 19, 2021) ("[g]iven such wide-spread vaccine distribution in Defendant's facility . . . early release is no longer the correct answer"). Accordingly, Defendant has not demonstrated that he has extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

/ / / / /

/ / / / /

IV.  Factors under 18 U.S.C. §3553(a).

In addition, this Court must consider the factors listed in 18 U.S.C. § 3553(a), such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). These factors also weigh against a sentence modification.

Defendant's involvement in drug trafficking presents a true risk that he will continue his past conduct if released. As courts have consistently recognized, the proliferation of dangerous addictive narcotics is a significant public and societal harm. *See United States v. Ailemen*, 165 F.R.D. 571, 596 (N.D. Cal. 1996)(". . . a drug trafficker is, by definition, a danger to the community.") Exacerbating Defendant's history of drug crimes is his own history of drug addiction and violating probation. [Doc. No. 18 at 8-14, 21.] While the Court hopes that Defendant has made some progress towards sobriety while in custody, the Court cannot overlook his clear difficulties with sobriety and compliance in the past when in the community. Accordingly, the factors listed in 18 U.S.C. § 3553(a) also weigh against a sentence reduction.

V.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Modify his Sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated:  October 19, 2023

Hon. Cathy Ann Bencivengo
United States District Judge